UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

BERNICE MUHAMMAD, )
)
    Plaintiff, )
)
vs. ) 1:10-CV-00096-SC
)
OPTION ONE MORTGAGE CORP., )
et al., )
)
    Defendants. )

MEMORANDUM OF OPINION

I.    Introduction.

The Court has for consideration motions to dismiss filed by defendants Option One Mortgage Corporation ("Option One Mortgage") (Doc. 60); Ada Services Corporation, formerly known as H&R Block Mortgage Corporation ("H&R Block Mortgage") (Doc. 58); Merrill Lynch Mortgage Investors, Inc., incorrectly named in the second Amended Complaint as "Merrill Lynch Mortgage Loan Investore, Inc." (Doc. 56); Bank of America, N.A., incorrectly named as "Bank of American for Merrill Lynch Mortgage Loan Investor, Inc.," "Mortgage Loan Asset-Backed Certificates, Series 2002 HEI," "Bank of America for Mortgage Loan Asset-Backed Certificates, Series 2002 HEI," and

"Bank of America for Merrill Lynch" (Doc. 56); Daniel O'Brien, incorrectly named as "U.S. Bankruptcy Trustee, Danny O'Brian" (Doc. 48); Prince, McKean, McKenna & Broughton, LLC (Doc. 47); American Home Mortgage Servicing, Inc. (Doc. 52); HSBC Bank USA, National Association, as Trustee for Merrill Lynch Mortgage Investors, Inc., Mortgage Loan Asset-Backed Certificates, Series 2002-HE1 Trust, incorrectly named as "Bank of America-Merrill Lynch," "HSBC Bank USA, N.A.," "Merrill Lynch Mortgage Loan Investors, Inc.," and "Mortgage Loan Asset-Backed Certificates, Series 2002 HEI" (Doc. 52); James H. Greer (Doc. 55); Phillip M. Leslie (Docs. 62, 66); Johnson & Freedman, LLC (Doc. 65); Dan Feinstein (Doc. 65); Barry Friedman (Doc. 75); U.S. District Judge William H. Steele (Doc. 76); U.S. District Judge Kristi K. DuBose (Doc. 76); U.S. Chief Bankruptcy Judge William S. Shulman (Doc. 76); U.S. Magistrate Judge William E. Cassady (Doc. 76); and U.S. Magistrate Judge Katherine P. Nelson (Doc. 76). A Suggestion of Death has been filed, notifying the Court of the death of the remaining defendant, Scott J. Humphrey. (Doc. 74.)[1]

---

[1] Plaintiff names Gregory M. Deitsch in the style of the Second Amended Complaint. However, Plaintiff does not make any factual allegations against Mr. Deitsch in the body of the complaint, nor has she made any effort to effect service on Mr. Deitsch. Accordingly, Plaintiff's claims against Mr. Deitsch will be dismissed for failure

Plaintiff Bernice Muhammad, proceeding *pro se*, sued the defendants for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968; 11 U.S.C. § 362; 42 U.S.C. § 1985(3); and 42 U.S.C. § 1986. (Doc. 44.)[2] Specifically, Plaintiff contends that Defendants engaged in a conspiracy to defraud her of her home through

---

to state a claim.

[2]Plaintiff also references violations of 18 U.S.C. § 1692; 15 U.S.C. § 1641; and 18 U.S.C. § 152 in the Second Amended Complaint. (Doc. 44 at 6.) To the extent these claims are actionable, they were not included in separate counts. "Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a 'short and plain statement of the claim' showing that the pleader is entitled to relief." *Washington v. Bauer*, 149 Fed. Appx. 867, 869 (11th Cir. 2005). "Further, Federal Rule of Civil Procedure 10(b) requires that the averments of a claim 'shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances . . . and each claim found upon a separate transaction or occurrence . . . shall be stated in a *separate count*.'" *Id*. (quoting Fed. R. Civ. P. 10(b)) (emphasis added). While courts "do and should show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education," "this leniency does not give a court license to serve as defacto counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. County of Escambia, Florida*, 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citations omitted). Even *pro se* complaints "must comply with the procedural rules governing the proper form of pleadings." *Bauer*, Fed. Appx. at 869 (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)). Moreover, Fed. R. Civ. P. 10(b) was explained to the plaintiff in the Court's March 24th Order. (Doc. 22.)

Plaintiff's failure to comply with Fed. R. Civ. P. 10(b) in particular makes it very difficult for this Court to determine exactly what authority is being relied upon in this action, which defendants are being sued under which laws, and which facts support each of Plaintiff's claims. Citing statutes in the initial portion of a complaint is not sufficient to state a claim upon which relief can be granted. Therefore, if Plaintiff intended to assert claims under 18 U.S.C. § 1692; 15 U.S.C. § 1641; 18 U.S.C. § 152; or any other statutes referenced in the Second Amended Complaint that are not set forth in separate counts, those claims are dismissed.

assorted violations of the law and judicial process.

In response to Plaintiff's motion for leave to file an amended complaint on March 19, 2010 (Doc. 17), the Court issued an Order generally summarizing rules of civil procedure and the factual requirements for a well-pled complaint (Doc. 22). Plaintiff was also directed to submit a separate RICO case statement or include such information in her proposed amended complaint. (Doc. 22 at 3-7.) Acknowledging that Plaintiff made an attempt to comply with the requirements set forth in the Court's Order, the Court allowed Plaintiff's subsequent proposal to be filed as a Second Amended Complaint (Doc. 44) on April 16, 2010. However, the Court noted that it should not be inferred from its ruling that the Second Amended Complaint complied with the Federal Rules of Civil Procedure and/or was sufficiently pled to survive motions to dismiss. (Doc. 43.)

Defendant's motions to dismiss the Second Amended Complaint have been fully briefed and are now ripe for decision. Upon full consideration, Defendants' motions to dismiss will be granted in all respects.

II. Standard.

A defendant may move to dismiss a complaint pursuant to Federal Rule

of Civil Procedure 12(b)(6) if the plaintiff has failed to state a claim upon which relief may be granted. "The standard of review for a motion to dismiss is the same for the appellate court as it [is] for the trial court." *Stephens v. Dep't of Health & Human Servs.*, 901 F.2d 1571, 1573 (11th Cir. 1990). "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000)(quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)). All "reasonable inferences" are drawn in favor of the plaintiff. *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002).

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint "does not need detailed factual allegations"; however, the "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if

doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(internal citations omitted).[3] The plaintiff must plead "enough facts to state a claim that is plausible on its face." *Id.* at 570. Unless a plaintiff has "nudged [his] claims across the line from conceivable to plausible," the complaint "must be dismissed." *Id.*

"[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (quoting *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001)). And, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1950 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The U.S. Supreme Court has suggested that courts adopt a "two-pronged approach" when considering

---

[3]In *Bell Atlantic Corp. v. Twombly*, the U.S. Supreme Court abrogated the oft-cited standard that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" set forth in *Conley v. Gibson*, 355 U.S. 41 (1957). *Bell Atl. Corp.*, 550 U.S. at 560-63. The Supreme Court stated that the "no set of facts" standard "is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563.

motions to dismiss: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 129 S. Ct. at 1950). Importantly, "courts may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Id*. (quoting *Iqbal*, 129 S. Ct. at 1951-52).

However, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on any possible theory." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364 (11th Cir. 1997). Moreover, a court must be particularly liberal in interpreting the "inartful pleading" of a *pro se* plaintiff. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

III. Analysis.

   A. RICO Claims.

In the Second Amended Complaint, Plaintiff contends that Defendants violated sections 1962(a)-(d) of the RICO statutes, and seeks damages pursuant to the civil remedies provision, 18 U.S.C. § 1964(c). "Section 1962 of Title 18 of the United States Code criminalizes the following activities:

> (a) It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity . . . to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.
>
> (b) It shall be unlawful for any person through a pattern of racketeering activity . . . to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.
>
> (c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity.

> (d) It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section.

*Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1316 (11th Cir. 1998).

    1.    18 U.S.C. §§ 1962(a), 1962(b), and 1962(c).

Subsections (a), (b), and (c) of section 1962 "require proof of a 'pattern of racketeering activity,' which is defined in 18 U.S.C. § 1961(5) as 'at least two acts of racketeering activity.'" *Id*. "Racketeering activity" includes "any act 'chargeable' under several generically described state criminal laws, any act 'indictable' under numerous specific federal criminal provisions, including mail and wire fraud, and any 'offense' involving bankruptcy or securities fraud or drug-related activities that is 'punishable' under federal law." *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 481-82 (1985). "In order to prove a pattern of racketeering in a civil or criminal RICO case, a plaintiff must show at least two racketeering predicates that are related, and that they amount to or pose a threat of continued criminal activity." *Cigna Corp.*, 605 F.3d at 1290-91 (citing *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 240 (1989)). "A party alleging a RICO violation may

demonstrate continuity over a closed period by proving a series of related predicates extending over a substantial period of time." *Id.* at 1291 (quoting *H.J. Inc.*, 492 U.S. at 242).

In the Second Amended Complaint, Plaintiff's contentions include the following:

> -H&R Block Mortgage and Option One Mortgage violated bankruptcy law 11 U.S.C. § 362 by incorrectly claiming in a letter that they had been granted relief from an automatic bankruptcy stay[4] (Doc. 44 at 7);
> -Attorney James Greer represented H&R Block Mortgage and Option One Mortgage when they made the assertion regarding relief from the stay (*Id.* at 7-8);
> -Option One Mortgage filed an incorrect proof of claim in November 2004, because it did not credit Plaintiff with certain payments (*Id.* at 9);
> -Attorney Dan Feinstein represented H&R Block Mortgage and Option One Mortgage when they filed the incorrect proof of claim (*Id.* at 10);

---

[4]Plaintiff attaches an Order by U.S. Chief Bankruptcy Judge William Shulman, which conditionally denies Option One Mortgage's motion for relief from stay, but provides:
> If the debtor fails to pay a complete monthly mortgage payment in bankable funds to Option One beginning in August 2003 by the 15th day of each month, Option One shall mail, by regular mail, a written (15) fifteen day notice of default to the debtor and debtor[']s attorney at their addresses listed in the petition. If the default is not cured within fifteen (15) days of the letter, the automatic stay provided under 11 U.S.C. § 362 will terminate automatically without further notice or Order of this court.

(Doc. 44, Ex. A at 2.)

> -Plaintiff's bankruptcy attorney, Phillip Leslie, "act[ed] contrary" to Plaintiff's interest by "ignoring significant aspects of [the] proper approach" to Option One Mortgage's alleged violations, and "walk[ing] away from Plaintiff's case when no other attorney would take the case (*Id*. at 12-13);
> -U.S. Bankruptcy Trustee Daniel O'Brien allowed the alleged violations to take place (*Id*. at 14);
> -U.S. Chief Bankruptcy Judge William Shulman allowed the alleged violations to take place and facilitated the alleged violations by misstating the law in his orders (*Id*. at 15-16);
> -U.S. District Judge William Steele, U.S. District Judge Kristi DuBose, U.S. Magistrate Judge William Cassady, and U.S. Magistrate Judge Katherine Nelson "looked the other way" and "refus[ed] to prevent" the alleged violations (*Id*. at 23).

Assuming these allegations are true, they do not state a plausible claim against any of the defendants for any of the predicate acts that constitute "racketeering activity," let alone a "pattern of racketeering activity." Plaintiff has not "allege[d] facts that support each statutory element of a violation of one of the state or federal laws described in 18 U.S.C. § 1961(1)." *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1087 (11th Cir. 2004.) And, while Plaintiff makes general allegations of "fraud" against various defendants in her Second Amended Complaint and legal memoranda, the facts alleged do not meet the *Twombly* and *Iqbal* plausibility standard, or the heightened pleading standard required for claims of fraud or mistake. "[I]n alleging fraud or mistake, a party must state with particularity the

circumstances constituting fraud or mistake." *Cigna Corp.*, 605 F.3d at 1291. "[P]ursuant to [Federal Rule of Civil Procedure] 9(b), a plaintiff must allege: '(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud.'" *Id.* (quoting *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1380-81 (11th Cir. 1997)). "The plaintiff must [also] allege facts with respect to *each* defendant's participation in the fraud." *Id.* (citing *Brooks*, 116 F.3d at 1381) (emphasis added). Plaintiff's allegations of "fraud" are "labels and conclusion," insufficient to survive a motion to dismiss her claims under 18 U.S.C. §§ 1962(a), 1962(b), and 1962(c). *Twombly*, 550 U.S. at 555.

   2. 18 U.S.C. §§ 1962(d).

"Section 1962(d) of the RICO statutes makes it illegal for anyone to conspire to violate one of the substantive provisions of RICO." *Cigna Corp.*, 605 F.3d at 1293. "A plaintiff can establish a RICO conspiracy claim in one of two ways: (1) by showing that the defendant agreed to the overall objective of the conspiracy; or (2) by showing that the defendant agreed to

commit two predicate acts." *Id.* (quoting *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 950 (11th Cir. 1997)). "A plaintiff need not offer direct evidence of a RICO agreement; the existence of conspiracy 'may be inferred from the conduct of the participants.'" *Id.* (citing *Republic of Panama*, 119 F.3d at 950). When Plaintiff's conclusory allegations of "conspiracy" and "cooperation" are set aside, as instructed in *Iqbal*, the facts do not support an inference of any agreement by any defendant (1) to an overall objective of conspiracy or (2) to commit two predicate acts. Plaintiff's RICO conspiracy claim will also be dismissed.

B.  11 U.S.C. § 362.

To the extent Plaintiff's Second Amended Complaint seeks to assert a separate claim against Defendants under 11 U.S.C. § 362 for willful violation of a bankruptcy stay, that claim is not properly before this Court. By General Order on July 20, 1984, the United States District Court for the Southern District of Alabama referred all proceedings arising under Title 11 to the bankruptcy judges of the district. Therefore, all proceedings arising under Title 11 must be filed with the Bankruptcy Court.

However, even if Plaintiff's Title 11 claim was properly before this

Court, it would be dismissed. In order to recover damages under § 362, a plaintiff must show: "(1) a violation of the automatic stay has occurred; (2) the violation was willful; and (3) the willful violation has caused injury to the debtor[.]" *In re Lightfoot,* 399 B.R. 141, 148 (Bankr. E.D. Pa. 2008); *see also, e.g., In re Wiley,* 315 B.R. 682 (Bankr. E.D. La. 2004); *Bell v. Sanford-Corbitt-Bruker, Inc.,* 1987 WL 60286 (S.D. Ga. 1987). Assuming Plaintiff has sufficiently alleged an actual violation of a bankruptcy stay by H&R Block Mortgage and Option One Mortgage, she has not alleged any facts from which a court can infer the violation was willful or caused her any injury. Furthermore, there are no facts supporting a plausible claim that any other defendants in this action violated a bankruptcy stay.

C. 42 U.S.C. § 1985(3).

Plaintiff's claim under 42 U.S.C. § 1985(3) also fails. In order to state a claim under § 1985(3):

> a plaintiff must allege: (1) defendants engaged in a conspiracy; (2) the conspiracy's purpose was to directly or indirectly deprive a protected person or class the equal protection of the laws, or equal privileges and immunities under the laws; (3) a conspirator committed an act to further the conspiracy; and (4) as a result, the plaintiff suffered injury to either his person or his property, or was

> deprived of a right or privilege of a citizen of the United States.

*Jimenez v. Wellstar Health System*, 596 F.3d 1304, 1312 (11th Cir. 2010). Plaintiff has not alleged any facts from which an inference can be made that any defendants agreed to deprive Plaintiff of equal protection of the laws, or equal privileges and immunities under the laws. There are no facts to support an allegation that Defendants acted against Plaintiff because she was a member of a protected class. *Lucero v. Operation Rescue of Birmingham*, 954 F.2d 624, 628 (11th Cir. 1992). Because Plaintiff has not alleged any facts that support a plausible claim for civil conspiracy, her § 1985(3) claim will be dismissed.

    D.    42 U.S.C. § 1986.

Finally, it appears that Plaintiff contends Defendants have violated 42 U.S.C. § 1986. "Section 1986 provides a cause of action against anyone who has 'knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having the power to prevent or aid in preventing the commission of the same, neglects or refuses so to do.'" *Park v. City of Atlanta*, 120 F.3d 1157, 1159 (11th Cir.

1997). "Section 1986 claims are therefore derivative of § 1985 violations." *Id*. at 1159-60. Section 1986 "requires a violation of § 1985," though the individuals held liable under § 1986 do not have to be involved in the § 1985 conspiracy. *Id*. at 1160. Because Plaintiff has not alleged sufficient facts to support an inference that a § 1985 violation occurred, let alone that any of the defendants had knowledge of such a conspiracy, her § 1986 claim will also be dismissed.

IV. Conclusion.

For the reasons outlined above, Plaintiff's claims against all named defendants are due to be dismissed for failure to state a claim. A separate order will be entered.

Done this <u>6th</u> day of <u>July 2010</u>.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
139297